# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5691 | **DATE** | 9/1/2004 |
| **CASE TITLE** | | USA vs. Billy Rodriguez | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court", (Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts). That being true, the same Rule 4(b) mandates summary dismissal of the motion. This Court so orders.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | SEP 0 2 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| SN | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America          )
                                  )
              Plaintiff,          )
                                  )          No. 04 C 5691
         v.                       )          (92 CR 307-4)
                                  )
Billy Rodriguez, a/k/a            )
Billy Valentin                    )          DOCKETED
                                  )
              Defendant.          )          SEP - 2 2004

## MEMORANDUM OPINION & ORDER

Billy Rodriguez a/k/a Billy Valentin ("Valentin")[1] has filed

a pro se 28 U.S.C. § 2255 ("Section 2255") motion to set aside

and vacate the 292 month custodial sentence that this Court

imposed on him some 11-1/2 years ago and that he is in the midst

of serving.[2]  Although Valentin has not provided a copy of his

motion for service on the United States Attorney's office, that

turns out to be unnecessary because the motion so clearly calls

for its summary dismissal.

Because so many years have elapsed since Valentin was

sentenced, his only prospect for escaping dismissal under the

one-year period of limitation established by Section 2255 ¶ 6

---

[1]Because defendant's true last name is Valentin, even though
he was criminally charged under the Rodriguez surname, this
memorandum order will conform to defendant's real name.

[2]Valentin begins by asking for the waiver of any necessary
filing fee.  Because no filing fee is charged for a Section 2255
motion, that aspect of his request is denied as moot.



would be to qualify under the third of the four alternatives set out in that paragraph, under which a new limitations clock would begin to tick on:

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

In that respect it is obvious that the prison grapevine has been operating overtime to suggest to long-ago-sentenced prisoners such as Valentin that they can somehow draw comfort from the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004).

On that score Valentin fails for two fundamental reasons. First, nothing in <u>Blakely</u> suggests -- and this Court continues to decline to hold -- that its decision should be retroactively applicable to otherwise late-filed Section 2255 motions seeking collateral review. And second, even if that were not the case, the factor that set the Sentencing Guideline range of 292 to 365 months for Valentin was Guideline §4B1.1(A)'s career offender provision -- and in that regard <u>Blakely</u> (like the <u>Apprendi</u> case that preceded it) expressly teaches that a defendant's prior criminal history (the fact that triggered career offender status for Valentin) does <u>not</u> have to be submitted to a jury for

determination.[3]

There is no need to address Valentin's numerous other contentions for two reasons. For one thing, several of them do not assert constitutional violations that could qualify for Section 2255 relief in any event. And as for those other contentions (if any) that could arguably implicate constitutional rights, they have long since been outlawed by Section 2255's one year limitation period.

In summary, "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court" (Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts). That being true, the same Rule 4(b) mandates summary dismissal of the motion. This Court so orders.

Milton I. Shadur
Senior United States District Judge

September 1, 2004

---

[3]When this Court imposed sentence on Valentin, it reduced the offense level of 37 that was generated by his career offender status by two levels because of his acceptance of responsibility. In doing so, this Court accepted the position advanced by Valentin's counsel and rejected the probation officer's view that a credit for acceptance of responsibility did not apply.

3